UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FAHIYM ABDUL WASI,<br><br>        Plaintiff,<br><br>  -against-<br><br>EXPERIAN,<br><br>        Defendant. | 1:21-CV-9609 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff Fahiym Abdul Wasi, of Brooklyn, New York, appears *pro se*, invokes the Court's diversity jurisdiction, and asserts claims under "USC title 15 Section 1681, USC Title 15 section 1681s-2, and s-2(b) The Consumer Credit Protection Act Title VI – Public Law 91-508 – United States Statutes at Large 84 stat 1127-1136 USC title 15 section 1681(i)." (ECF 2, at 3.) He sues Experian, alleges that Experian has its principal place of business in Texas, and that its mailing address is a post-office box in Allen, Texas. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

  Under the applicable venue statute, 28 U.S.C. § 1391(b), a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the federal judicial district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any

federal judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 § 1391(c)(1), (2). Also, for venue purposes:

> in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

§ 1391(d).

While Plaintiff alleges that Experian has its principal place of business in Texas, and that its mailing address is a post-office box in Allen, Texas, he does not allege facts specifying the federal judicial district(s) in which Experian reside(s) for the purpose of determining venue under Section 1391(b)(1).[1]

Plaintiff also fails to allege any facts showing that that a substantial part of the events or omissions giving rise to his claims arose in this federal judicial district. Thus, venue is not proper in this court under Section 1391(b)(2).

Plaintiff does allege, however, that the events giving rise to his claims occurred, and that he suffered the associated injuries, where he resides, in Brooklyn, Kings County, New York, which is within the Eastern District of New York.[2] *See* 28 U.S.C. § 112(c). Accordingly, venue lies in the Eastern District of New York under Section 1391(b)(2). The Court therefore transfers this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1406(a).

---

[1] The State of Texas is divided into four federal judicial districts. *See* 28 U.S.C. § 124.

[2] Plaintiff alleges that Experian "violated US Law and the various laws stated above [by] illegally and fraudulently report[ing] . . . [his] credit information incorrectly and maliciously even after [P]laintiff gave a clear warning that . . . [Experian was] violating before initiating the lawsuit." (ECF 2, at 4.)

2

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Plaintiff has consented to electronic service of court documents. (ECF 3.)

SO ORDERED.

Dated:   November 23, 2021
        New York, New York

                                       /s/ Laura Taylor Swain
                                       LAURA TAYLOR SWAIN
                                       Chief United States District Judge